# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROGER D. ROMERO, | ) | 1:07cv0167 AWI DLB |
| | ) | |
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| MBNA America Bank, N.A., | ) ) | |
| | ) | |
| Defendant. | ) ) | |

Plaintiff Roger D. Romero ("Plaintiff"), proceeding pro se, filed a document entitled "Motion to Transfer to Federal District Court" on January 29, 2007.[1] Plaintiff names MBNA America Bank, N.A., as Defendant. This Court construes the motion as Plaintiff's attempt to remove an arbitration proceeding to this Court based on the following language:

> Plaintiff moves the Court to transfer this action from National Arbitration Forum to Federal Jurisdiction for the reasons that the defendant is a banking institution that is under the direct regulatory control of the Secretary of the Treasury pursuant to the Banking Holiday Act of Congress of 1933 codified at 12 USCA § 95.

Motion, at 3. Plaintiff argues that this Court has exclusive federal jurisdiction over the pending arbitration based on "banking statutes mandated by Congress." Motion, at 3.

---

[1] Plaintiff has filed many similar actions, most of which have been dismissed.

1

## DISCUSSION

By statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treatises of the United States." 28 U.S.C. § 1331.  Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.  Shamrock Oil & Gas Corp.v. Sheets, 313 U.S. 100, 108-109 (1941); Duncal v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Duncan, 76 F.3d at 1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  A defendant "has the burden of establishing that removal was proper." Duncan, 76 F.3d at 1485; Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994).

This Court is empowered to summarily remand this action:

> The United States district court in which such a notice [of removal] is filed shall examine the notice promptly.  If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C. § 1446(c)(4).

Plaintiff fails to demonstrate that the underlying arbitration proceeding is subject to this Court's jurisdiction.  Plaintiff's motion further fails to satisfy removal notice requirements in that, among other things, the motion does not indicate a timely attempt to remove (even assuming removal is available). 28 U.S.C. § 1446(a), (b).  Moreover, if Plaintiff proceeds in the underlying arbitration as a plaintiff, he is unable to seek removal to federal court because the right to remove is vested exclusively in "the defendant or the defendants." 28 U.S.C. § 1441(a).

## RECOMMENDATION

Accordingly, for the reasons discussed above, the Court HEREBY RECOMMENDS that this action be dismissed on the grounds that Plaintiff wrongly attempts to remove an underlying arbitration proceeding to this Court.

The Court further recommends that Plaintiff's Motion to Consolidate this action with 1:07cv165 AWI DLB and 1:07cv166 OWW DLB be DENIED.  Findings and Recommendation are pending in 1:07cv165 AWI DLB and 1:07cv166 OWW DLB was dismissed on April 17, 2007.

These findings and recommendations are submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Defendant may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Defendant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 2, 2007                    /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE